# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: February 13, 2018

```
* * * * * * * * * * * * * * * * *
                                *
ELIZABETH B. HOUGH,             *
                                *
              Petitioner,       *
v.                              *
                                *
SECRETARY OF HEALTH             *
AND HUMAN SERVICES,             *
                                *
              Respondent.       *
                                *
* * * * * * * * * * * * * * * * *
```

UNPUBLISHED

No. 15-1008V

Special Master Gowen

Attorneys' Fees and Costs;
Special Master's Discretion.

Richard Gage, Richard Gage, P.C., Cheyenne, WY, for petitioner.
Lisa A. Watts, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 11, 2015, Elizabeth B. Hough ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of an influenza ("flu") vaccination received on September 15, 2012, she developed encephalitis. I approved the parties' stipulation recommending compensation be awarded to petitioner on July 12, 2017. As detailed below, I hereby **GRANT IN PART** petitioner's application for attorneys' fees and costs and award a total of $9,286.77.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

## I.    Procedural History

Petitioner filed her claim on September 11, 2015.  I granted petitioner several extensions of time to file supporting medical records and a Statement of Completion.  I then held an initial status conference on February 24, 2016.  During the initial status conference, the parties and I discussed whether petitioner was eligible to seek compensation from the Program, specifically under Vaccine Act Section 11(c)(1)(D)'s severity requirement.  Petitioner initially alleged that a lumbar puncture during her hospitalization should be viewed as a "surgical intervention" fulfilling the severity requirement.  Petitioner did not proceed with this claim.  Rather, she filed affidavits from herself and others averring that she suffered residual effects of the encephalitis lasting longer than 6 months.  On July 12, 2017, respondent filed a stipulation recommending that a decision should be entered awarded compensation to petitioner, which I approved the same day.  Stipulation Decision (ECF No. 44).  Joint Stipulation (ECF No. 43).  Petitioner is therefore entitled to an award of reasonable attorneys' fees and costs incurred in any proceeding on the petition.  Section 300aa-15(e).

On January 17, 2018, petitioner filed an application for attorneys' fees and costs. Petitioner's ("Pet.") Application ("App.") (ECF No. 49).  It includes petitioner's signed statement that she did not incur any expenses in relation to pursuing her claim, pursuant to General Order #9.  Pet. App., Tab F.  Petitioner requests $9,154.00 in attorneys' costs and $1,084.53 in attorneys' costs, for a total of $10,238.53 in attorneys' fees and costs.  Pet. App., Tab A.

On January 26, 2018, respondent filed a response to petitioner's motion for attorneys' fees and costs. Respondent's Response (ECF No. 50).  Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case.  *Id.* at 2.  Respondent "recommends that the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.  Petitioner did not file a reply.  This matter is now ripe for adjudication.

## II.    Evaluation of Requested Attorneys' Fees and Costs

Under the Vaccine Act, the special master shall award "reasonable" attorneys' fees and costs for any petition that results in an award of compensation.  § 300aa-15(3)(1).  In this case, petitioner was awarded compensation pursuant to a joint stipulation, therefore she is entitled to an award of attorneys' fees and costs.

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  *Id.* at 1348.  Although not explicitly stated in the statute, the requirement that only reasonable amounts

be awarded applies to costs as well as to fees. *See Perreira v. Sec'y of Health & Human Servs*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed feed and costs should be presented when the motion is filed. *Id.* at 484 n. 1. Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 76 L.Ed.2d 40 (1983).

## A. Hourly Rates

Petitioner's application and the supporting documentation appears reasonable, based on my review and my prior experience. Mr. Gage requests hourly rates of $300 for work performed in 2015; $311 for 2016; and $318 for 2017. I have previously found that $300 was a reasonable local rate for Mr. Gage's work performed in 2015. *Onikama v. Sec'y of Health & Human Servs.*, No. 15-1348V, 2017 WL 1718798 (Fed. Cl. Spec. Mst. April 3, 2017). Special Master Roth accepted this 2015 rate and then applied the PPI-OL rate of inflation to award Mr. Gage $311 for 2016 and $318 for 2017. *Sajbel v. Sec'y of Health & Human Servs.*, No. 14-741V, 2017 WL 4229079 (Fed. Cl. Spec. Mstr. Aug. 30, 2017). I find that in the present case, these rates are also reasonable and should be awarded.

Petitioner requests an hourly rate of $251 for 0.4 hours of work performed in 2017 by another attorney named either Kristen Reiman or Kristen Rieman. *Compare* Pet. App. at 2 *with* Pet. App., Tab D. Petitioner has not provided any statement or supporting documentation about this individual's qualifications. She is not listed on the Gage firm's website. Cursory internet research could not determine where she is located or whether she is even engaged in the practice of law. It is well-established that petitioner has the burden of establishing that her attorneys' fees are reasonable. When petitioner fails to do so, the special master has the discretion to reduce or deny the requested attorneys' fees *sua sponte*. In this instance, I will award a minimal rate of $150/ hour for the time entry by Ms. Reiman or Rieman. This results in a deduction of $40.40 from petitioner's request. Counsel is warned that in future instances, I may deny attorneys' fees that are not adequately documented and supported.

Petitioner further requests $120/ hour for work performed from 2015 – 2018 by two individuals identified only as "SM" and "BV." No further information about these individuals is provided. A cursory review of past attorneys' fees decisions involving Mr. Gage's firm suggests

that these initials stand for Susan McNair and Brian Vance, who are both paralegals.  These rates have previously found to be reasonable and have been awarded.  I will award them in this case, but will again warn counsel that in future instances, I may deny attorneys' fees that are not adequately documented and supported.

### B.  Hours Expended

As stated above, a line-by-line evaluation of the fee application is not required and will not be performed.  *See Wasson*, 24 Cl. Ct. at 484.  Instead, I may rely on my experience to determine a reasonable number of hours expended.  *Id.*  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  *Saxton*, 3 F.3d at 1521.  However, I find that certain issues in the fee application are problematic and worth highlighting.  Other special masters have previously warned Mr. Gage's firm about these issues and have found reason to deduct for the same.  *See, e.g.*, *Mack v. Sec'y of Health & Human Servs.*, No. 15-149V, 2017 WL 5108680 (Fed. Cl. Spec. Mstr. Sept. 28, 2017) (Chief Special Master Dorsey's summary of these issues and citations to additional cases).

First, Vaccine Rule 13(a) provides that any application for attorneys' fees and costs must be filed within 180 days after the entry of judgment.  In this case, judgment entered on the stipulation decision on July 20, 2017.  By my calculation, 180 days thereafter was January 16, 2018.  I noted this deadline in a non-PDF scheduling order on January 9, 2018.  Despite my warning, petitioner filed the present application for attorneys' fees and costs one day late, on January 17, 2018.  Petitioner did not file a motion for leave to file out of time or otherwise acknowledge the deadline as calculated by the Court.  In this case, I will *sua sponte* grant leave to file the application for attorneys' fees and costs out of time.  Counsel is warned that failure to comply with Court orders may affect the disposition of future applications for attorneys' fees and costs.

Next, the fee application is unnecessarily difficult to review.  As noted above, Mr. Gage's associate and his paralegals are not properly identified.  Additionally, petitioner has provided a separate list of billing entries from each individual who worked on the case.  This format is not ideal for evaluating all individuals' work and whether it is duplicative.  One chronological list of all billing entries would be preferable.

The application does not indicate the total number of hours expended.  My chambers has calculated that petitioner requests compensation for 18.5 attorney hours (18.1 entered by Mr. Gage and 0.4 entered by Ms. Reiman) and 28.8 paralegal hours (9.8 by "SM" and 19 by "BV").  Counsel should provide this information in the future.

The billing entries are also vague and duplicative.  For example, Mr. Gage made at least 25 entries for "conferences" with his paralegals.[3]  Review of the paralegals' time entries suggests

---

[3] The billing records suggest that Mr. Gage also billed for status conferences with himself.  *See* Pet. App., Tab C at 9 (May 3, 2016 and May 10, 2016 entries, each for "conference with RG").

that they billed for many of the same conferences that Mr. Gage did.  Twenty-five conferences on this claim seems at least potentially excessive.  Additionally, these entries contain little to no other information, making it difficult to assess whether the conferences reasonably related to and advanced petitioner's claim.  It would be preferable if the billing entries contained some detail such as a need to obtain specific medical records or confirm specific facts of petitioner's claim. Counsel is directed to provide this information in the future.

The paralegals' billing entries also appear vague and excessive.  For example, in March – April 2016, "BV" entered a total of 14 hours to outline the records.  Pet. App., Tab F at 18.  It is not clear why this detailed outline was necessary, because at the juncture, petitioner was contending that she met the Act's severity requirement because she had undergone a surgical intervention, not because her injuries had lasted longer than six months. Additionally, 14 hours appears excessive for outlining these medical records, which were not voluminous.  *See also Mack*, 2017 WL 5108780, at *5 (criticizing Mr. Gage's firm for similar entries).

The paralegals also billed for Bates-stamping, filing, printing, assembling binders, and burning CDs of exhibits.  These are considered administrative tasks for which billing in the Vaccine Program is not permitted.  *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (denying an award of fees for time billed by a secretary and finding that such services "should be considered as normal overhead office costs included within the attorneys' fee rates.").

Because of counsel's awareness of these issues and failure to remedy them, I find it reasonable to reduce the attorneys' fees request by 10%, by $911.36.  Counsel is reminded again to avoid these issues.  If he does not, future fee applications may be further reduced.

### C.  Reasonable Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable.  *Perreira*, 27 Fed. Cl. 29, 34.  In this case, petitioner requests the costs of filing the claim in the Vaccine Program, obtaining medical records, making copies, postage, and mailing the signed stipulation to respondent.  They appear reasonable and adequately documented.  Thus, they will be awarded in full.

### III.  Conclusion

I hereby award petitioner the following reasonable attorneys' fees and costs:

| | |
|---|---:|
| Attorneys' Fees Requested | $9,154.00 |
| -    Reduction (Ms. Reiman's rate) | -    $40.40 |
| -    Reductions (20% for billing issues) | -    $911.36 |
| **Attorneys' Fees Awarded** | **$8,202.24** |
| **Attorneys' Costs Awarded** (no reductions) | **$1,084.53** |
| ***Total Attorneys' Fees and Costs Awarded*** | ***$9,286.77*** |

**Accordingly, I award a lump sum in the amount of $9,286.77, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel of record, Richard Gage of Richard Gage, P.C.[4]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[5]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[4] These amounts are intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered.  Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties jointly or separately filing notice renouncing their right to seek review.